IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| CIRO CAICEDO-OBANDO, )<br>Institutional ID No. 82561-179, )<br> )<br>Plaintiff, )<br> )<br>V. )<br> )<br>FEDERAL BUREAU OF PRISONS, )<br>*et al.*, )<br> )<br>Defendant(s). ) | CIVIL ACTION NO.<br>1:13-CV-187-C<br>ECF |

## **ORDER**

The United States Magistrate Judge entered a Report and Recommendation on March 16, 2015, and Plaintiff filed his objections on May 5, 2015.

The undersigned United States District Judge has made an independent examination of the record in this case and has examined the findings, conclusions, and recommendations of the Magistrate Judge as well as the specific objections of the Plaintiff. The Court finds that Plaintiff's objections should be overruled in all things, and the Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge. The Court will, however, address one of Plaintiff's specific objections regarding the recommendation that his claims under the Federal Tort Claims Act (FTCA) be dismissed as barred by the applicable statute of limitations.

In his Objections, Plaintiff argues that his FTCA claim was timely filed and thus not barred by the statute of limitations. The Court finds that Plaintiff's original complaint was not timely filed for the reasons stated below. Moreover, to the extent Plaintiff's objections may be

very liberally construed to argue that he is entitled to equitable tolling of the statute of limitations, the Court finds it to be without merit. It is true that "where the principles of equitable tolling would ordinarily apply, such tolling should be allowed in an FTCA case." *Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999). *See Clymore v. United States*, 217 F.3d 370, 374 (5th Cir. 2000) (noting that the Fifth Circuit has determined that equitable tolling is applicable to the FTCA statute of limitations). *But see United States v. Kubrick*, 444 U.S. 111, 117–18 (1979) (holding that the FTCA "waives the immunity of the United States and . . . in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended."). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling may also be available "when, despite all due diligence, a plaintiff is unable to discover the essential information bearing on the existence of his claim," *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992), or he has been prevented in some extraordinary way from asserting his rights, *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "The requirement of diligent inquiry imposes an affirmative duty on the potential plaintiff to proceed with a reasonable investigation in response to an adverse event." *Pacheco v. Rice*, 966 F.2d at 907. The Fifth Circuit has emphasized that a court should generally "focus on the reasons for missing the deadline rather than on the magnitude of the tardiness." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). In sum, equitable tolling is appropriate only when a plaintiff shows that extraordinary circumstances prevented him from timely filing his complaint.

Plaintiff does not allege that he was unable to discover the essential information bearing on the existence of his claim. In fact, he acknowledges that he knew the deadline to file his federal lawsuit was six months after the denial of his FTCA claim by the Department of Justice. Said denial was issued by letter dated January 30, 2013, making the due date for his federal lawsuit on or before July 30, 2013.

In his Objections, Plaintiff asserts that he filed his federal lawsuit in the United States District Court for the District of Columbia on July 26, 2013, by way of a "Motion in Abeyance" wherein he requested a 60-day extension of time to file his original complaint. Unfortunately for Plaintiff, his Motion in Abeyance was not properly filed and thus did not serve to toll the statute of limitations. The Court notes that the United States District Court for the District of Columbia did not grant said Motion in Abeyance. Indeed, despite Plaintiff's insistence that his complaint was properly filed on July 26, 2013, the District of Columbia court returned the complaint to Plaintiff unfiled with a form order (that Plaintiff attached to his complaint), specifically admonishing him that the pleading was deficient because it was improperly titled, and requiring him to make corrections and resubmit along with a completed application to proceed *in forma pauperis*. Plaintiff's corrected pleading, dated September 30, 2013, was not received by the District Clerk for the District of Columbia until October 25, 2013.

Plaintiff also does not allege that he was prevented in any "extraordinary way" from filing his federal FTCA lawsuit in a timely manner. In support of his Motion in Abeyance, he merely alleged that he had been placed in administrative segregation in retaliation for making the FTCA complaint from "about May 23, 2013 to about July 10, 2013," and needed additional time to get help from other inmates to type up his complaint. Plaintiff does not explain why he did not, or

3

was not able to, file his original complaint prior to being placed in administrative segregation. Considering the fact that over three months passed from the January 30 letter until he was allegedly placed in administrative segregation on or about May 23, this Court is hard pressed to find that Plaintiff was acting diligently or that any extraordinary circumstance prevented him from filing his complaint in a timely manner. Plaintiff's delay simply evinces neglect or procrastination, which will not support a claim for equitable tolling. *See Ott v. Johnson*, 192 F.3d 510, 513–14 (5th Cir.1999) (holding that "excusable neglect" does not justify equitable tolling).

Finally, even if Plaintiff could argue that his Motion in Abeyance was a defective pleading for purposes of tolling, Plaintiff has simply failed to demonstrate that he used "due diligence" or actively pursued his FTCA claim. *See Perez v. United States*, 167 F.3d at 917 (holding that a plaintiff pursuing a FTCA claim who filed a defective pleading was entitled to equitable tolling because she "exercised due diligence" and "actively pursued judicial remedies"); *Clymore v. United States*, 217 F.3d at 376 (tolling the statute of limitations even though the plaintiff had filed his complaint after the limitations period expired because even though he had timely filed his complaint in the wrong venue promptly, he refiled it in the correct venue, albeit untimely; and the uncertainty of the law as to which venue was correct). In short, Plaintiff neither filed his FTCA suit in the district court within six months after the claim was deemed final or demonstrated that the limitations period should have been tolled.

It is, therefore, ORDERED that Plaintiff's complaint and all claims alleged therein are **DISMISSED WITH PREJUDICE** as frivolous.

Judgment shall be entered accordingly.

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

A copy of this order shall be sent to all parties appearing *pro se* by first class mail and to any attorney of record by first class mail or electronic notification.

Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Any pending motions are **DENIED**.

Dated September 27, 2016.

SAM R. CUMMINGS
Senior United States District Judge